# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD H. WEINER, DPM, PA,** | * | **CIVIL ACTION NO. 3:17-cv-00949-L** |
| **Plaintiff** | * | |
| **VERSUS** | * | **JUDGE SAM A. LINDSAY** |
| **BLUE CROSS AND BLUE SHIELD OF LOUISIANA,** | * * | **MAGISTRATE JUDGE DAVID L. HORAN** |
| **Defendant** | * * | |

* * * * * *

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

**NOW INTO COURT**, through undersigned counsel, comes Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA"), who files this Answer and Affirmative Defenses to Plaintiff's Petition, respectfully representing as follows:

### AFFIRMATIVE DEFENSES

Without accepting any burden of proof that would not otherwise be borne by BCBSLA, BCBSLA pleads the following affirmative defenses:

### First Affirmative Defense

Plaintiff fails to state a claim for which relief can be granted.

### Second Affirmative Defense

BCBSLA specifically pleads insufficient service of process. Allison Pham is not the proper party for perfecting service of process upon Defendant BCBSLA.

**Third Affirmative Defense**

All provisions of Louisiana and/or Texas law are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC 1001, *et seq*. BCBSLA specifically pleads that the provisions of ERISA apply to all issues.

**Fourth Affirmative Defense**

BCBSLA avers that it timely, correctly, properly, and fully performed all of the responsibilities which it had under the provisions of the Employee Health Benefit Plan of Avita Drugs, LLC ("the Plan"), a Plan provided to the employees of Avita Drugs, LLC and/or ERISA, as they relate to Plaintiff.

**Fifth Affirmative Defense**

Recovery in this case, if any, is limited to those remedies available under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B).

**Sixth Affirmative Defense**

BCBSLA specifically alleges that it has acted within its "discretionary authority" according to the terms of the Plan.

**Seventh Affirmative Defense**

The services for which Plaintiff seeks benefits are not covered by the Plan.

**Eighth Affirmative Defense**

If services and/or treatment is question are covered, which is denied, payment for such is to be made according to the terms of the Plan, without regard to the amount(s) billed.

**Ninth Affirmative Defense**

All decisions made with respect to Plaintiff's claim(s) for benefits were made in good faith, in accordance with the terms of the Plan, and in the interest of the Plan and all Plan participants and beneficiaries, and they were made in a reasonable manner based upon facts known at the time of the decision and were not wrong or arbitrary and capricious.

**Tenth Affirmative Defense**

Plaintiff's claims, remedies, and damages are limited by the terms and conditions of the Plan at issue, which are clear and unambiguous.

**Eleventh Affirmative Defense**

Plaintiff is liable to BCBSLA for attorney's fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

**Twelfth Affirmative Defense**

If this Court finds that benefits are payable under the Plan, BCBSLA avers that the denial of coverage was based upon just and reasonable grounds and that Plaintiff's claim does not satisfy the requirements of 29 U.S.C. § 1132(g)(1). Therefore, Plaintiff is not entitled to recover attorney's fees.

**Thirteenth Affirmative Defense**

Plaintiff is not entitled to recover penalties, damages or attorney's fees.

**Fourteenth Affirmative Defense**

BCBSLA specifically pleads the applicability of the terms, conditions, and exclusions contained in the Plan and made the basis of this litigation, as said contract provides the best evidence of such terms, conditions, and exclusions.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred for failing to exhaust the administrative remedies under the pertinent health benefit plans and ERISA, including, but not limited to, its failures to appeal any adverse benefit determinations.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred by limitations, including the applicable statute of limitations, statute of repose, prescriptive period, plan-term limitations, and/or based on information and belief, the doctrine of estoppel and /or unclean hands.

### Seventeenth Affirmative Defense

BCBSLA is entitled to any offset to Plaintiff's claims for amounts paid to Plaintiff, and BCBSLA pleads the affirmative defenses of credit, recoupment, and offset.

### Eighteenth Affirmative Defense

Plaintiff's damages, if any, should be reduced by the amount attributable to Plaintiff's failure to mitigate its damages.

### Nineteenth Affirmative Defense

Defendant pleads and hereby invokes all caps, limitations, or restrictions on recovery of damages as allowed by the law governing the Plan at issue herein.

### Twentieth Affirmative Defense

BCBSLA denies that it committed any unlawful practices and denies that Plaintiff has suffered any damages at the fault of BCBSLA.

### Twenty-first Affirmative Defense

Any and all factual allegations, legal conclusions, or permissible inferences therefrom contained in Plaintiff's Petition are hereby denied unless specifically and expressly admitted.

**Twenty-second Affirmative Defense**

Plaintiff's claims are barred by payment. The claims at issue were processed and paid by BCBSLA. Therefore, Plaintiff's claims are barred under the doctrines of payment, release, accord and satisfaction, and/or novation.

**Twenty-third Affirmative Defense**

Plaintiff's Petition fails to articulate any basis upon which Plaintiff has standing under ERISA to sue over the alleged improper payment and processing of benefits with respect to the Plan and its participants.

**Twenty-fourth Affirmative Defense**

Plaintiff is not entitled under ERISA to bring a claim for benefits under the Plan because Plaintiff is not a beneficiary as required by 29 U.S.C. § 1132. To the extent Plaintiff contends that he brings an ERISA benefit claim as an assignee of his patient, such claim is barred by any applicable anti-assignment provision in the Plan.

**Twenty-fifth Affirmative Defense**

Plaintiff is not a party, a third-party beneficiary, assignee, or transferee of a contract with BCBSLA. Plaintiff has no legal right to bring any contract claim against BCBSLA, therefore, any such claim against BCBSLA, to the extent Plaintiff's pleads one, is barred.

**Twenty-sixth Affirmative Defense**

In answering Plaintiff's Petition, BCBSLA is not certain which affirmative defenses may apply as this matter proceeds to trial. BCBSLA reserves to itself all additional defenses available under the Plan, under the terms of ERISA, and based on further investigation. BCBSLA also reserves the right to add additional affirmative defensed throughout the course of this case. BCBSLA will dismiss any affirmative defense at the pretrial conference that does not appear to be reasonably supported by the facts and/or the law.

**AND NOW**, further answering the allegations of Plaintiff's Petition, BCBSLA avers as follows:

1. BCBSLA denies the allegations in Paragraph 1 of Plaintiff's Petition.

2. Paragraph 2 of Plaintiff's Petition requires no response by BCBSLA as Plaintiff has failed to complete this section of the Petition. However in the abundance of caution, BCBSLA denies that Plaintiff is entitled to any relief sought in this action.

3. BCBLA denies the allegations of Paragraph 3 of Plaintiff's Petition.

BCBSLA specifically denies any and all allegations set forth in Plaintiff's Petition that are not specifically admitted herein.

**WHEREFORE**, premises considered, Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana prays that judgment be rendered in its favor, dismissing Plaintiff's demands and that Defendant be awarded attorneys' fees and costs of this proceeding as permitted by law.

Respectfully submitted:

By: */s/Jonathan M. Herman*
Jonathan M. Herman (TX Bar No. 24052690)
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Thanksgiving Tower
Dallas, Texas 75201
Telephone: (214) 624-9805
Facsimile: (469) 383-3666
JHerman@herman-lawfirm.com

and

Allison N. Pham (TX Bar No. 24053399)
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone: (225) 295-2199
Facsimile: (225) 297-2760
Allison.Pham@bcbsla.com

*Attorneys for Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PETITION** has been served on all counsel and pro se parties of record by depositing a copy of same in the United States Mail, postage prepaid and properly addressed, and by electronic delivery to the last known address as follows:

    Richard H. Weiner, DPM, PA
    4523 W. Lovers Lane
    Dallas, Texas 75209
    [Drweinerfoot1@earthlink.net](mailto:Drweinerfoot1@earthlink.net)

Dallas, Texas, this 10th day of April, 2017.

                              */s/Jonathan M. Herman*
                              Jonathan M. Herman