IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD HENRY WEINER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-949-BN |
| | § | |
| BLUE CROSS AND BLUE SHIELD | § | |
| OF LOUISIANA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

The Court raised the question of subject matter jurisdiction in this case after it was removed from small claims court. After considering the submissions of the parties, the Court concludes that it has subject matter jurisdiction.

**Background**

Dr. Richard H. Weiner is a healthcare provider who participates in the Blue Cross and Blue Shield of Texas ("BCBSTX") provider network, treating patients who are participants and beneficiaries under health benefit plans administered by BCBSTX. Defendant Blue Cross and Blue Shield of Louisiana's ("BCBSLa") insureds have access to BCBSTX's provider network for services.

Dr. Weiner treated a patient who was insured by BCBSLa under an Employee Health Benefit Plan (the "Plan") established and maintained for the patient's employer. At the time of treatment, Dr. Weiner obtained an assignment of benefits from the patient, allowing Dr. Weiner to bill BCBSLa directly for payment of services. Dr. Weiner also contacted BCBSLa to verify coverage for the proposed treatment. Dr.

Weiner then treated the patient and submitted a claim to BCBSLa.

BCBSLa initially denied the claim, indicating that the Plan excluded the treatment. Dr. Weiner appealed, and BCBSLa paid the claim. BCBSLa later determined that the claim had been paid in error and sought a refund from Dr. Weiner. Dr. Weiner appealed the refund request. BCBSLa denied the appeal, and Dr. Weiner asked BCBSLa to review the claim. In the meantime, BCBSLa recouped the money from a subsequent payment to Dr. Weiner for treatment of a different patient.

Representing himself *pro se*, Dr. Weiner filed suit in the small claims court of Dallas County, Texas, against BCBSLa for "theft of money involving recoupment for medical services." Dkt. No. 1-2 at 6.

BCBSLa removed the case to this Court on the basis of federal question jurisdiction. *See* Dkt. No. 1. According to BCBSLa, the Plan under which Dr. Weiner seeks payment for medical services qualifies as an employee welfare benefit plan within the meaning of Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See id.* at 2; 29 U.S.C. § 1002(1). BCBSLa also asserts in the Notice for Removal that Dr. Weiner's recoupment claim is a claim for benefits arising under Section 502(a)(1)(B) of ERISA, and, as such, is subject to complete preemption. *See* Dkt. No. 1 at 3; 20 U.S.C. § 1132(a)(1)(B).

The Court questioned its jurisdiction during a Federal Rule of Civil Procedure 16(b) pretrial scheduling conference and ordered BCBSLa to file a supplemental brief in support of its assertion that the Court has subject-matter jurisdiction over this matter and ordered Dr. Weiner to file a response. *See* Dkt. No. 17.

BCBSLa filed a supplemental brief in which it asserts that Dr. Weiner's claim for "theft of money involving recoupment for medical services" cannot avoid ERISA preemption because the recoupment of the benefits is inextricably dependent on whether the benefits are themselves covered under the ERISA plan. Stated differently, BCBSLa asserts that the recoupment of benefits erroneously paid was predicated on the benefits not being covered under the ERISA plan and, as a result, is inextricably bound up in the question of whether there was coverage for Dr. Weiner's charges. BCBSLa also argues that Dr. Weiner's admissions and allegations, as reflected by his pleadings, demonstrate that his claim arises under ERISA. *See* Dkt. No. 22 at 1.

Dr. Weiner filed a response in which he argues that his claim for recoupment is not preempted by ERISA because BCBSLa failed to follow the ERISA appeal procedures by improperly recouping the payment while the appeal was pending. *See* Dkt. No. 25. In a separate document filed with the Court, Dr. Weiner asserts that "[t]his Court has proper jurisdiction." Dkt. No. 21 at 3.

BCBSLa filed a reply to Dr. Weiner's jurisdictional response brief, *see* Dkt. No. 28, and Dr. Weiner filed a sur-reply, *see* Dkt. No. 30.

**Legal Standards**

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."). Even where neither party has

"contested the allegations in the removal notice nor moved for remand, it is settled law that subject-matter jurisdiction cannot be waived or 'conferred by consent, agreement, or other conduct of the parties.'" *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 315 n.4 (5th Cir. March 20, 2015) (quoting *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007)).

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Ordinarily, "[r]emoval is not possible unless the plaintiff's 'well pleaded complaint' raises issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citing *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908)). "There is an exception, however, to the well-pleaded complaint rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

> "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. This is

so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."

*Id.* at 207-08 (alterations in original) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

Thus, because Dr. Weiner's small claims court petition does not assert claims under federal law, and because BCBSLa does not contend that the court has diversity jurisdiction, BCBSLa can establish removal jurisdiction only if ERISA completely preempts Dr. Weiner's state-law claim. *See, e.g.*, *Rojas v. Renfro Indus., Inc.,* No. 3:16-cv-2896-D, 2017 WL 2719333, at *2 (N.D. Tex. June 23, 2017) (citing *Westfall v. Bevan*, No. 3:08-cv-996-D, 2009 WL 111577, at *2 (N.D. Tex. Jan. 15, 2009)).

Complete preemption is available under ERISA's Section 502, the statute's civil-enforcement provision, which "Congress intended to be the exclusive vehicle for suits by a beneficiary to recover benefits from a covered plan." *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 250 (5th Cir. 1990); *see also, e.g.*, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court."). "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *McGowin v. ManPower Int'l, Inc.*, 172 F.3d 332, 337 (5th Cir. 2004) (quoting *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999)). "A state law claim that is completed preempted under

§ 502 is transformed into a new federal claim." *Cardona v. Life Ins. Co. of N. Am.*, No. 3:09-cv-833-D, 2009 WL 3199217, at *4 (N.D. Tex. Oct. 7, 2009). In other words, complete preemption "eliminates the state-law claim" and "replaces [it] with a federal claim." *Id.* "'Because they are recast as federal claims,' state-law claims that are completely preempted provide a basis for removal." *Westfall*, 2009 WL 111577, at *3 (quoting *McLaren v. RailAmerica, Inc.*, No. 3:01-cv-91-D, 2001 WL 366431, at *2 (N.D. Tex. Mar. 21, 2001)).

**Analysis**

BCBSLa contends that Dr. Weiner's claim for "theft of money involving recoupment for medical services" is completely preempted by ERISA because it is a claim for "benefits promised" under an ERISA plan.

Section 501(a)(1)(B) preempts suits

> by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § 1132(a)(1)(B). Under this provision, "[i]f a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits," "to 'enforce his rights' under the plan or to clarify any of his rights to future benefits." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)).

BCBSLa characterizes Dr. Weiner's claim as one for violation of ERISA's adverse benefits determination notice and appeal requirements. ERISA has statutory and regulatory notice and appeal requirements that apply when an insurer issues an adverse benefits determination to a plan "participant" or "beneficiary." *See* 29 U.S.C. § 1133; 29 C.F.R. 2560.503-1. According to BCBSLa, Dr. Weiner alleges that these requirements also apply to his recoupment complaint and claims his right to sue through the Plan member's assignment of benefits. Thus, BCBSLa concludes that Dr. Weiner is suing BCBSLa for plan "benefits promised," and ERISA completely preempts his state-law claim.

To determine whether a cause of action is completely preempted by Section 502(a)(1)(B), the Court must examine the complaint, the plan documents at issue, and the state law on which the claims are based. *See Davila*, 542 U.S. at 211.

In his small claims court petition, Dr. Weiner described the basis of his claim with the simple statement "theft of money involving recoupment for medical services." Dkt. No. 1-2 at 6. After removal, Dr. Weiner filed an amended complaint, which is instructive. In the amended complaint, Dr. Weiner alleges that he received an assignment of benefits from a patient covered under her employers' health benefit plan, which was administered by BCBSLa; BCBSLa initially denied payment for medical services rendered to the patient by BCBSLa, then reconsidered and paid Dr. Weiner for rendition of medical services; BCBSLa then requested a refund for the payment to Dr. Weiner; and Dr. Weiner filed an appeal. Dr. Weiner further alleges that he notified BCBSLa that "ignoring my open appeal and performing a recoupment would be in

violation of ERISA." Dr. Weiner further alleges BCBSLa recouped the money from payments due for Dr. Weiner's rendition of medical services to a different patient. Dr. Weiner states that he then filed a lawsuit "to recover the money taken as theft," and sought damages for "violations under ERISA for recoupment." Dr. Weiner concludes that BCBSLa breached its contract and committed theft by stealing money from payments due for medical services provided by Dr. Weiner to a patient other than the one whose payment was subject to the pending appeal, in violation of ERISA's recoupment requirements. *See* Dkt. No. 6.

The Plan is quoted and cited by BCBSLa, *see* Dkt. No. 22 at 8 and n.55, but it was not filed with the Court. Nevertheless, the ERISA statute requires that

> every employee benefit plan shall – (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133; *see also* 29 C.F.R. 2560.503-1 (minimum requirements for ERISA claims procedures).

In his small claims court petition, Dr. Weiner asserts a civil theft claim against BCBSLa. Under the Texas Theft Liability Act ("TTLA"), a person who commits theft is liable for damages resulting from the theft. *See* TEX. CIV. PRAC. & REM. CODE § 134.002(3). "'The TTLA provides victims of a theft, as defined in various sections of the Texas Penal Code, with a civil action to recover damages, fees, and costs from the

thief.'" *Beardmore v. Jacobsen*, 131 F. Supp. 3d 656, 669 (S.D. Tex. 2015) (quoting *In re Powers v. Caremark, Inc.*, 261 F. App'x 719, 721 (5th Cir. 2008)). A person commits the offense of general theft if the person appropriates property without the owner's effective consent, with intent to deprive the owner of the property. *See id.*; TEX. CIV. PRAC. & REM. CODE § 30.03(a)(b).

"Fifth Circuit precedent establishes that ERISA preempts state law claims seeking 'to recover benefits owed under [a] plan to a plan participant who has assigned her rights to benefits to [her health care provider].'" *Foley v. Sw. Tex. HMO, Inc.*, 193 F. Supp. 2d 903, 906 (E.D. Tex. 2001) (quoting *Transitional Hosp. Corp. v. Blue Cross and Blue Shield of Tex., Inc.*, 164 F.3d 952, 954 (5th Cir. 1999)). Here, Dr. Weiner seeks to recover for "theft of money involving recoupment for medical services" based on his position as an assignee of his patient's benefits under an employer-sponsored benefit plan administered by BCBSLa. Dr. Weiner has not alleged that his claim arises independently of ERISA or the terms of the Plan. Instead, it appears that Dr. Weiner intended to bring his claim under ERISA*, see* Dkt. No. 6, and Dr. Weiner concedes that "[t]his Court has proper jurisdiction," Dkt. No. 21 at 3. Accordingly, because Dr. Weiner's claim to recover payments allegedly owed to him under the Plan is dependent on his status as an assignee of a Plan enrollee's benefits and relates to an ERISA plan, it is preempted. *See Foley*, 193 F. Supp. 2d at 907.

## Conclusion

The Court has subject matter jurisdiction.

SO ORDERED.

DATED: August 18, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE