IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD HENRY WEINER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-949-BN |
| | § | |
| BLUE CROSS AND BLUE SHIELD | § | |
| OF LOUISIANA, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**[1]

Defendant Blue Cross and Blue Shield of Louisiana ("BCBSLA") moves to dismiss Plaintiff Richard H. Weiner's, DPM PA ("Dr. Weiner") complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 49. Dr. Weiner filed a response to the motion, *see* Dkt. No. 50; BCBSLA filed a reply brief, *see* Dkt. No. 51; and Dr. Weiner filed a Response and Objection, *see* Dkt. No. 52.

Defendant's Motion to Dismiss Plaintiff's Claims is a post-answer Rule 12(b)(6) motion that must be treated as a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings. *See Sumner v. Patel*, 36 F.3d 90 (table), No. 94-40344, 1994 WL 523785, at *1 n.3 (5th Cir. Sept. 9, 1994). But BCBSLA's motion, "[p]ursuant to

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

-1-

FED. R. CIV. PRO. 10(c), [] incorporates by this reference all evidence contained in its Appendix in Support of Defendant's Response to Plaintiff's Motion for Summary Judgment (Doc. 40)." Dkt. No. 49 at 2 n.1.

Federal Rule of Civil Procedure 12(d) provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). But BCBSLA has not presented matters outside the pleadings other than through its general incorporation of its appendix by reference in a footnote. Under these circumstances, the Court declines to exercise its discretion to consider those materials and convert the Rule 12(c) motion to a Rule 56 summary judgment motion. *See generally Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988).

Further, a Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). But BCBSLA's motion is entirely based on the Court's determinations in its Memorandum Opinion and Order on Plaintiff's Motion for Summary Judgment entered on March 21, 2018, *see* Dkt. No. 49 at 2-3 (citing Dkt. No. 48 at 7-17, 19-21), which the

Court made applying Federal Rule of Civil Procedure 56 standards on a summary judgment record and not by looking solely to the pleadings on a Rule 12(c) standard under which the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007); *see* Dkt. No. 48 at 3-21.

For all of these reasons, Rule 12(c) is not an appropriate vehicle for BCBSLA's request for dismissal based, on the terms of its own supporting arguments, solely on the Court's summary judgment determinations, and the Court DENIES Defendant's Motion to Dismiss Plaintiff's Claims [Dkt. No. 49] without prejudice to BCBSLA's filing a Rule 56 motion for summary judgment by no later than **July 27, 2018**.

SO ORDERED.

DATED: July 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE