UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD H. WEINER, DPM, PA,** | * | **CIVIL ACTION NO. 3:17-cv-00949-L** |
| Plaintiff | * | |
| **VERSUS** | * | **JUDGE SAM A. LINDSAY** |
| **BLUE CROSS AND BLUE SHIELD OF LOUISIANA,** | * | **MAGISTRATE JUDGE DAVID L. HORAN** |
| | * | |
| Defendant | * | |
| * * * * * * | | |

# DEFENDANT'S MOTION AND INCORPORATED BRIEF FOR ATTORNEYS' FEES

Respectfully submitted by:

Jonathan M. Herman (TX Bar No. 24052690)
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Thanksgiving Tower
Dallas, Texas 75201
Telephone: (214) 624-9805
Facsimile: (469) 383-3666
JHerman@herman-lawfirm.com

and

Allison N. Pham (TX Bar No. 24053399)
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone: (225) 295-2199
Facsimile: (225) 297-2760
Allison.Pham@bcbsla.com

*Attorneys for Defendant Louisiana Health Service
& Indemnity Company, d/b/a Blue Cross and Blue
Shield of Louisiana*

TO THE HONORABLE MAGISTRATE JUDGE DAVID L. HORAN:

**COMES NOW**, through undersigned counsel, Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA"), who seeks an award of attorneys' fees as a prevailing party under section 502(g)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.[1]

## I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT

The Court disposed of this matter on August 17, 2018 in a Memorandum Opinion and Order[2] granting summary judgment in favor of BCBSLA, dismissing Plaintiff's claims with prejudice.  The Court's Order was the culmination of a proceeding in which Plaintiff claimed that BCBSLA had violated ERISA by improperly recouping funds BCBSLA erroneously paid to Plaintiff for services not covered by the plan at issue.[3]

In April 2017, BCBSLA sought an early settlement of this matter under Federal Rules of Civil Procedure 16 and 26.  Plaintiff refused.  The Parties also conducted a settlement conference with U.S. Magistrate Judge Stickney on June 2, 2017.[4]  Although Plaintiff's allegations lacked legal or factual basis, BCBSLA offered Plaintiff a monetary amount in settlement that was multiples of the amount of benefits Plaintiff placed at issue.  Plaintiff refused.  Whereupon, BCBSLA defended Plaintiff's claim and became a prevailing party, thus achieving the degree of success necessary to merit an award of fees.  Furthermore, all factors the Court considers when awarding fees weigh in BCBSLA's favor.

---

[1] 29 U.S.C. § 1132(g)(1).
[2] Doc. 60.
[3] Docs. 1-2, 6, 12.
[4] Docs. 19, 32.

BCBSLA now moves to recover its attorneys' fees and costs incurred subsequent to its initial case review and efforts to reach an early resolution.

## II. ARGUMENTS AND AUTHORITY

Under the so-called "American Rule," litigants are generally required to pay their own attorneys' fees, regardless of the outcome of their case. The Federal Rules of Civil Procedure, however, permit fee shifting when a federal statute, federal rule, or court order permits.[5] One such exception is ERISA § 502(g)(1): "[i]n any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."[6]

When determining whether to award attorneys' fees, the Court conducts a two-part analysis. First, the Court must determine whether the movant achieved "some degree of success on the merits."[7] This requires more than "'trivial success on the merits' or a 'purely procedural victor[y].'"[8] "[I]f the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue,'" the movant has satisfied the requirement.[9] BCBSLA prevailed on the merits of Plaintiff's claims when the Court granted summary judgment in favor of BCBSLA on all of Plaintiff's claims.

As BCBSLA has satisfied the first requirement, the Court may next consider the following factors to determine if a fee award is appropriate:

---

[5] Fed. R. Civ. P. 54(d).
[6] 29 U.S.C. § 1132(g)(1); *see also Monkelis v. Mobay Chem.*, 827 F.2d 935, 936 (3d Cir. 1987) (holding courts have discretion to award reasonable attorneys' fees and costs to either party under ERISA § 502(g)); *Moore v. IBEW, Local 58*, 60 F.App'x 581, 582 (6th Cir. 2003) (affirming award of attorneys' fees against vexatious pro se plaintiff).
[7] *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010).
[8] *Id*. at 255 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 n.9 (1983)).
[9] *Id*. (quoting *Ruckelshaus*, 463 U.S. at 688 n.9).

1) the degree of the nonmovant's culpability or bad faith;

2) the ability of the nonmovant to satisfy an award of attorneys' fees;

3) whether an award of attorneys' fees would deter other persons acting under similar circumstances;

4) whether the movant sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

5) the relative merits of the parties' positions.[10]

Plaintiff's refusal of an early settlement that was multiples of the amount Plaintiff placed at issue in his initiating pleading reflects bad faith and culpability.[11] Plaintiff has the ability to satisfy an award of fees and such an award would deter other similar claims. Finally, by contesting Plaintiff's claims and recovering on its counterclaim,[12] BCBSLA sought to benefit all plan participants and beneficiaries by conserving plan funds for covered services. Thus, an award of reasonable attorneys' fees to BCBSLA is appropriate.

A.   **BCBSLA Achieved "Some Degree of Success on the Merits."**

BCBSLA moved for summary judgment on Plaintiff's claims,[13] and the Court dismissed Plaintiff's claims with prejudice.[14] The findings stated in the Court's order demonstrate that BCBSLA achieved more than "some degree of success on the merits."[15]

In its order, the Court specifically found the plan's anti-assignment clause voided Plaintiff's purported assignment of benefits, thus depriving Plaintiff of "a right to challenge BCBSLA's recoupment of payments under ERISA."[16] Even so, the Court found the purported

---

[10] *Victory Med. Ctr. Hous., Ltd. P'ship v. CareFirst of Md., Inc.*, 707 F.App'x 808, 810 (5th Cir. 2018).
[11] *See also* n. 33, 34, *infra*.
[12] Doc. 61, 62, informing the Court that Plaintiff remitted the amount sought in BCBSLA's Counterclaim.
[13] Doc. 54.
[14] Doc. 60.
[15] *See Hardt*, 560 U.S. at 254.
[16] Doc. 60, p. 10.

assignments ineffective because the assignor patient did not have a "right to sue for recovery of recouped funds," and, thus, could not assign a right he or she did not possess.[17]  The Court also found that BCBSLA did not abuse its discretion in denying Plaintiff's health benefits claims because the plan did not cover the services in question.[18]  Finally, the Court found that the only authorities Plaintiff repeatedly cited in support of his claims were inapplicable and invalid.[19]

By prevailing on the merits of Plaintiff's claims, BCBSLA meets the first requirement for an award of attorneys' fees.[20]

### B.   Plaintiff has Demonstrated Bad Faith or Culpable Conduct.

"A party's conduct may rise to the level of bad faith for particularly wrongful conduct, such as the pursuit of frivolous claims."[21]  "Yet a party may still be culpable for conduct while not actually reaching the level of bad faith."[22]  Even where a party's litigation position is not frivolous or advanced in bad faith, the first factor may still weigh in favor of awarding attorneys' fees when the litigation position is baseless.[23]  In fact, the first factor may weigh in favor of an award "notwithstanding any lack of bad faith" when the nonmovant's actions were primarily responsible for the losses underlying the litigation.[24]  And when a litigant pursues an indefensible interpretation of the ERISA plan at issue, reasonable attorneys' fees and costs are appropriate.[25]

BCBSLA sought an early resolution with Plaintiff in April 2017 and at a settlement conference with U.S. Magistrate Judge Stickney[26] on June 2, 2017.  At the settlement conference,

---

[17] *Id.* at pp. 11–12.
[18] *Id.* at pp. 12–13.
[19] *Id.* at pp. 14–15.
[20] *See Hardt*, 560 U.S. at 254.
[21] *Koehler v. Aetna Health, Inc.*, 915 F.Supp.2d 789, 793 (N.D. Tex. 2013).
[22] *Id.*
[23] *UNUM Life Ins. Co. of Am. v. Brandon*, Civil Action No. 3:98-CV-2835-D, 2000 U.S. Dist. LEXIS 1677, at *11 (N.D. Tex. Feb. 14, 2000).
[24] *Bannistor v. Ullman*, 287 F.3d 394, 409 (5th Cir. 2002).
[25] *Freedman v. Texaco Marine Services, Inc.*, 882 F. Supp. 580, 584 (E.D. Tex. 1995).
[26] Docs. 19, 32.

Plaintiff was offered a settlement that was multiples of the amount of benefits Plaintiff placed at issue. Plaintiff refused, and all subsequent settlement demands were for ever-increasing amounts which had no relation to the underlying benefits sought. Furthermore, Plaintiff never would have paid BCBSLA's Counterclaim but for BCBSLA being a prevailing party.

The Court's order denying Plaintiff's motion for summary judgment additionally demonstrates that Plaintiff's claims were baseless. Specifically, the Court noted that Plaintiff failed to verify and submit admissible evidence with his amended complaint.[27] BCBSLA objected to Plaintiff's "facts in support" of his motion for summary judgment, and the Court sustained all of BCBSLA's objections.[28] The Court also held that Plaintiff did not have a right to sue for plan benefits under ERISA and found that Plaintiff's own cited authority did not support his claims because it was either inapplicable or invalid.[29] Despite the Court's holding, Plaintiff continued to rely on this same inapplicable authority in his response to BCBSLA's motion to dismiss and motion for summary judgment.[30]

Indeed, Plaintiff re-urged virtually the same argument in his amended complaint, motion for summary judgment, and response to BCBSLA's motion to dismiss and motion for summary judgment.[31] In each pleading, Plaintiff recited his version of the facts without proper evidentiary support and cited the same inapplicable and invalid legal authority.[32] With each of Plaintiff's filings, judicial and party resources were consumed in order to respond to baseless, repetitive claims.

---

[27] Doc. 48, p. 7.
[28] *Id.* at pp. 8–12.
[29] *Id.* at pp. 17–19.
[30] Docs. 50, 55.
[31] Docs. 6, 12, 50, 55.
[32] *Id.*

Plaintiff has also brought numerous claims similar to those at issue here against other health insurance carriers, alleging either that the insurer failed to properly pay covered claims or improperly recouped money while his claim was on appeal.[33] After this Court's March 21, 2018 order rejecting Plaintiff's inapplicable and invalid legal authority, Plaintiff filed suit against Anthem Blue Cross and Blue Shield of Ohio ("BCBSOH") on May 31, 2018, bringing the same claims (improper recoupment) and citing the same legal authority this Court rejected as inapplicable and invalid just two months earlier.[34] Indeed, Plaintiff's state-court petition against BCBSOH is virtually identical to that filed here.[35]

By pursuing baseless claims, disregarding this Court's repeated holdings, and serial filing the same claims, Plaintiff has exhibited his intent to continue pursuing baseless litigation.[36]

### C. Plaintiff has the Ability to Satisfy an Award of Attorneys' Fees.

Plaintiff is an established podiatrist in Dallas, Texas[37] who has financed numerous similar lawsuits.[38] Thus, Plaintiff has exhibited an understanding of ERISA, is presumed aware of its fee-shifting provision, and has demonstrated the ability to incur and pay costs associated with such cases. Even so, it is Plaintiff's burden to show he is unable to pay the reasonable attorneys' fees BCBSLA incurred in defending Plaintiff's baseless claims.[39]

---

[33] *See, e.g., Weiner v. Anthem Blue Cross and Blue Shield of Ohio*, U.S.D.C. N.D. TX, No. 3:18-cv-01976-B; *Weiner v. CIGNA Healthcare of Texas, Inc.*, U.S.D.C. N.D. TX, No. 3:-05-cv-00006-K; *Weiner v. Texas Health Choice*, U.S.D.C. N.D. TX, No. 3:01-cv-02580-M; *Weiner v. United HealthCare of Texas, Inc.*, U.S.D.C. N.D. TX, No. 3:01-cv-01875-R-BD; *Weiner v. United HealthCare of Texas, Inc.*, U.S.D.C. N.D. TX, No. 3:01-cv-01876-R; *Weiner v. United HealthCare of Texas, Inc.*, U.S.D.C. N.D. TX, No. 3:01-cv-01877-R; *Weiner v. Anthem Insurance Companies, Inc.*, Justice Court, Pct. 3, Pl. 2, Dallas County, Texas, no. JS1500458N; *Weiner v. Healthspring (Texas)*, Justice Court, Pct. 3, Pl. 2, Dallas County, Texas, no. JS1400022N; *Weiner v. Anthem Blue Cross Blue Shield of Georgia*, Justice Court, Pct. 3, Pl. 2, Dallas County, Texas, No. JS1400012N.
[34] *See Weiner v. Anthem Blue Cross and Blue Shield of Ohio*, U.S.D.C. N.D. TX, No. 3:18-cv-01976-B.
[35] *See* Doc. 60, pp. 14–15.
[36] *See Koehler*, 915 F.Supp.2d at 793.
[37] *See* https://www.texashealth.org/provider/richard-h-weiner-dpm-podiatry (last visited Sept. 26, 2018); https://www.methodisthealthsystem.org/doctors/richard-h-weiner-dpm/ (last visited Sept. 26, 2018).
[38] *See* note 33, *supra*.
[39] *See Koehler*, 915 F.Supp.2d at 794.

### D.     An Award Would Deter Other Serial Litigants from Pursuing Frivolous and Near-Frivolous Claims.

The Court has an interest in deterring frivolous claims by a serial litigants.[40]  The Fifth Circuit has criticized the "dogged pursuit of the claim in the face of little or no legal or factual bases" as favoring an award of attorneys' fees.[41]  Indeed, the third prong has been applied in this Circuit to "promote the fundamental principle that it is important to read the governing contract carefully and thoroughly" before filing suit.[42]  Serial filings, such as those at issue here, dissipate judicial resources and disrespect ERISA's clear statutory guidelines for standing and recovery. Although the Court cannot enjoin Plaintiff from future unfounded claims, it can discourage the practice by awarding fees in this case.

### E.     BCBSLA Sought to Benefit All Plan Beneficiaries by Preserving Resources for Covered Costs.

As an ERISA plan fiduciary, BCBSLA has a duty to all of the plan participants and beneficiaries to:

> [D]ischarge [its] duties with respect to a plan "solely in the interest of the participants and beneficiaries," … that is, "for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."[43]

It is beyond question that the legal defense of the plan's unambiguous terms is consistent with BCBSLA's fiduciary duties.[44]  Accordingly, BCBSLA's defense of Plaintiff's groundless claims, and successful recovery of BCBSLA's Counterclaim, was for the benefit of the plan's participants and beneficiaries.

---

[40] *Moore v. Int'l Brotherhood of Electrical Workers, Local 58*, 60 F.App'x. 581 (6th Cir. 2003).
[41] *Riley v. Admin. Of Supersaver 401K Capital Accumulation Plan for Employees of Participating AMR Corp. Subsidiaries*, 209 F.3d 780, 782 (5th Cir. 2000).
[42] *Romano Woods Dialysis Ctr. v. Admiral Linen Serv.*, No. H-14-1125, 2015 U.S. Dist. LEXIS 183270, at *16 (S.D. Tex. Sept. 25, 2015).
[43] *Pegram v. Herdrich*, 530 U.S. 211, 223–24 (2000).
[44] *See id.*

### F. The Relative Merits of the Parties' Positions Favor BCBSLA.

The relative merits of the parties' positions is evident from a grant of summary judgment.[45] "Where summary judgment is granted in favor of one of the parties, the factor weighs in favor of the award of fees."[46] By granting summary judgment for BCBSLA, the Court held that the undisputed material facts demanded judgment as a matter of law, dismissing Plaintiff's claims.[47] Thus, BCBSLA prevailed on all critical issues before the Court, and the merits of the Parties' positions favor the award of attorneys' fees to BCBSLA.[48]

### III. CONCLUSION

By obtaining dismissal of Plaintiff's claims on the merits, BCBSLA has achieved a degree of success necessary to warrant an award of attorneys' fees under ERISA. Additionally, every factor the Court considers when determining to award fees weighs in BCBSLA's favor. Thus, the Court should award BCBSLA attorneys' fees in the amount of $34,963.50 and $45.14 in costs.

**WHEREFORE**, BCBSLA prays the Court will enter an order awarding BCBSLA attorneys' fees in the amount of $34,963.50 and $45.14 in costs. A Declaration evidencing this amount accompanies this Motion.

---

[45] *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997); *Humphrey v. United Way*, No. H-05-758, 2008 U.S. Dist. LEXIS 98314, at *14 (S.D. Tex. Nov. 20, 2008).
[46] *Phillips v. Maritime Ass'n, I.L.A. Local Pension Plan*, 198 F.Supp.2d 838, 845–46 (E.D. Tex. 2002).
[47] Doc. 60.
[48] *Phillips*, 198 F.Supp.2d at 845–46.

Dated:  September 28, 2018.

          Respectfully submitted:

By:    */s/Jonathan M. Herman*
      Jonathan M. Herman (TX Bar No. 24052690)
      THE HERMAN LAW FIRM
      1601 Elm Street, Suite 2002
      Thanksgiving Tower
      Dallas, Texas 75201
      Telephone: (214) 624-9805
      Facsimile: (469) 383-3666
      JHerman@herman-lawfirm.com

and

Allison N. Pham (TX Bar No. 24053399)
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone: (225) 295-2199
Facsimile: (225) 297-2760
Allison.Pham@bcbsla.com

*Attorneys for Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana.*

### CERTIFICATE OF SERVICE

On September 28, 2018, I electronically submitted the foregoing document with the Clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

          */s/ Jonathan M. Herman*
          Jonathan M. Herman